Kirkpatrick, C. J.
Thopurchascrof lands at sheriff^ sale, comes into the place of the defendant. Ho holds as if by deed from the defendant himself; the sheriff being merely the channel of conveyance; the Jaw’s agent to transfer the title. This being the case, the defendant cannot set up title against such purchaser, either in himself or another; and especially under a secret deed from himself to the other; If this could be made a sufficient defence, there would be an end to sheriff’s sales. I think, therefore, there must be a new trial.
Pennington, J.
A judgment was obtained against the defendant, execution theredn, arid the land of. which he was in possession, sold by the sheriff. The [*] purchaser at sheriff’s sale, brings this action to recover possession. At the trial the plaintiff proved the judgment, execution, sale' and conveyance to him by the sheriff, and the possession of the premises in question, by the defendant, as well at the time of rendering judgment, as at the time of sale and ejectment brought, and also at the time of trial. This, prima fade,■ was sufficient to maintain his action. In answer to this, lire defendant offered to prove, that at the time the judgment was obtained, the land was not bis,- nor never had been since; that he had no title to, nor interest in the land, lnit that it was in another, to whom he was a mere tenant at will. This evidence was objected to, but admitted by the judge; The correctness of this determination is the subject? of consideration. . ...
It is unquestionably a general rule of law, that the plaintiff in ejectment must prevail by the strength of his own title, and not by the weakness of the defendant’s. But there are some exceptions to this rulé; for instance, a tenant that has taken a lease under a mortgagor, will not be permitted to show the title of the mortgagee, to defeat an action brought by the mortgagor, to recover possessioft after the expiration' of the lease. To support this equitable right of the mortgagor, the doctrine of eslopel is brought in. The tenant having admitted the right of the mortgagor by the lease, is estopped to deny it. An outstanding satisfied term will be presumed to have been surrendered; by this presumption, the legal title in this case, is removed out of the way.. In a late case in England,* the court would not permit an *586 outstanding term in a third person, created to secure a small annuity on a large estate, to defeat the action of the heir at law, who agreed to take, subject to the charge of the annuity. This determination has, however, been very much shaken by a subsequent case.* These cases [*] all go on the ground that the lessor of the plaintiff has a beneficial interest in the land, and that his possession can do no injury to the person in whom the legal title is; and, as I apprehend, do not reach this case.
It is, however contended, on the part of the plaintiff, that all the right of the defendant to the land, was conveyed to the plaintiff by the sheriff’s deed; that possession is a right, and the plaintiff having acquired this right, must recover in a possessory action; that purchasers at sheriff’s sales, acquiring the right of the defendant, become quasi tenants to the real owner of the land, who cannot suffer an injury by a mere change of tenants. The case cited from New-York, certainly goes a great way in support of the argument. But as much as I respect the judges who determined that case, I cannot accord in their opinion.
A tenant at will has no certain estate; nothing that can be assigned by him, 2 Blac. Com. 145. The very act of changing the tenant, would destroy the tenantry. The possession of the tenant is the possession of the landlord. Shall the real owner of the land be turned out of possession, put to his action, and made to prove his title, merely from his humanity in affording shelter to a poor man? The point in controversy was, what title the lessor of the plaintiff acquired by the purchase at sheriffs sale. True, he made out a title prima fade. But I can perceive no reason why this presumptive title might not be rebutted by positive testimony, by written deeds showing the title in another. The sheriff’s deed did not create an estoppel on the part of the defendant; although the sheriff’s deed conveyed to the lessor of the plaintiff, all the right of the defendant to the premises-; yet it was no act of his; it did not estope him from alledging the truth, that he had no title; and of consequence, the lessor of the plaintiff, derived none from the sheriff’s deed; if the fact was so, still if the plaintiff could have shown that the defendant, at the time of the sale, had a beneficial [*] interest in the land, and had a right to the possession, notwithstanding the fee might have been in another, he would have been entitled to a verdict. I apprehend that the whole of the difficulty has arisen on this subject, from a presumption of fraud arising out of the peculiar circumstances of *587 this case; but as fraud is not to be presumed by the Court, but found by a jury, I cannot perceive why the question of fraud cannot as well be tried in one ejectment as another. I am, for these reasons, of opinion, that the judge did right in admitting the testimony.
There was another objection taken at the trial; that the judge permitted a will to be given in evidence, which bad not on it, the register’s certificate of proof. I do not conceive that this was necessary; it might be proved by witnesses; and probably the real objection is that it was not proved at all. The case is not explicit enough on this point to bring up any question that ought to endanger a verdict. It appears from the date, that it was an ancient will; and it might have accompanied the possession. It is also impossible to discover, from any thing in the case, the bearing this will had on the issue; or even that it had any. As it is now presented to my mind, it does not afford sufficient matter to authorize the Court to disturb the verdict. I am, on the whole, of opinion, the rule for a new trial must be refused.
Rossell, J.
— I cannot perceive any reason for altering flie opinion delivered on the trial. I think the question of fraud, can as well be tried in one ejectment as in another.
Rule for a new trial refused.

 Bristow v. Pegg, 1 Term, Rep. 785,

 Doe v. Staple, 2 Term Rep. 684.